UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


MARK A. HEILMAN,             ) 4:07CV3609
                                      )
        Petitioner         ) JUDGE DONALD NUGENT
                                        ) (Magistrate Judge Kenneth S. McHargh)
        v.                    )
                                        )
DAVID BOBBY,               )
        Warden,          )
                                        )
        Respondent     ) REPORT AND RECOMMENDED
                                      ) <u>DECISION OF MAGISTRATE JUDGE</u>


McHARGH, MAG. J.

The petitioner Mark A. Heilman ("Heilman") has filed a writ of habeas corpus arising out of his 2004 convictions for rape of a minor, gross sexual imposition and other crimes in the Trumbull County (Ohio) Court of Common Pleas.  (Doc. 1.)  In his petition, Heilman raises three grounds for relief:

> 1.  The Petitioner's convictions for pandering obscenity involving a minor are not supported by sufficient evidence.
>
> 2.  The Petitioner's convictions are against the manifest weight of the evidence.
>
> 3.  The trial court erred and abused its discretion, to the prejudice of the Petitioner, by permitting the State to introduce evidence that had not been disclosed during discovery.

(Doc. 1, at § 12.A.)

## I. PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following procedural background:

On July 2, 2003, the Trumbull County Grand Jury returned a thirty count indictment, charging appellant with eight counts of forcible rape of a child under the age of thirteen[1], with a life sentence specification; twenty counts of rape, felonies of the first degree; and two counts of gross sexual imposition, felonies of the third degree. These charges were part of Trumbull County Court of Common Pleas case number 2003-CR-00458.

On October 9, 2003, the Trumbull County Grand Jury returned a second indictment against appellant, charging him with twenty-three counts of pandering obscenity involving a minor, felonies of the third degree, for images found on various computers and diskettes recovered from appellant's home. These charges were part of Trumbull County Court of Common Pleas case number 2003-CR-00720. Appellant subsequently waived his right to speedy trial and entered pleas of not guilty to all charges. Appellant also requested, and was provided, bills of particulars related to the aforementioned charges. On or about November 14, 2003, the above-referenced cases were consolidated pursuant to the State's motion.

On October 4, 2004, the aforementioned matter proceeded to jury trial. Prior to turning the case over to the jury, the trial court granted appellant's Crim.R. 29 motion for acquittal, and directed verdicts as to Count 5, a count of rape, with life sentence specification, in case number 2003-CR-00458, and also as to Counts 5 and 9, pandering obscenity involving a minor, in case number 2003-CR-00720. With respect to the remaining counts of pandering obscenity involving a minor gave an instruction on the lesser included offense of pandering obscenity involving a minor, pursuant to R.C. 2907.321(A)(5), except for counts 21 through 23, which involved the three webcam videos of J.

---

[1] The child was Heilman's daughter, who was first raped by Heilman shortly after her tenth birthday in 1995.  (Doc. 9, RX 32, at 3; State v. Heilman, No. 2004-T-0133, 2006 WL 847120, at *1 (Ohio Ct. App. Mar. 31, 2006).)

2

On October 15, 2004, the jury returned its verdicts, finding appellant guilty as charged on all remaining counts of rape in case 2003-CR-00458. In case 2003-CR-00720, the jury returned verdicts of guilty as charged on Counts 1 through 4, 7, 16, and 21 through 23. The jury returned verdicts of guilty to the lesser included offense as to Counts 6, 8, 10 through 15, 17, 19 and 20, and returned a verdict of not guilty as to Count 18.

On November 2, 2004, in Case 2003-CR-00458, the trial court sentenced appellant to seven life sentences, to be served consecutively, for Counts 1, 3, 6, 7, 8, 9 and 10, Rape of a Minor under the age of thirteen; nine years each for Counts 11 through 30, Rape in the first degree, to be served concurrently with each other and concurrent with the other counts; one year each for Counts 2 and 4, Gross Sexual Imposition, to be served concurrently with each other and concurrent with other counts. In Case 2003-CR-00728, the court sentenced appellant to two years each, to be served concurrently, and concurrent with all other sentences, for Counts 1 through 4, 7, 16, 21, 22, and 23, Pandering in Obscenity Involving a Minor, felonies of the second degree; and twelve months each, to be served concurrently, and concurrent with all other sentences for Counts 6, 8, 10 through 15, 17, 19 and 20, fourth-degree Pandering In Obscenity Involving a Minor.

(Doc. 9, RX 32, at 5-7; State v. Heilman, No. 2004-T-0133, 2006 WL 847120, at *3-*4 (Ohio Ct. App. Mar. 31, 2006).)

Heilman appealed each criminal case to the Ohio Court of Appeals, which consolidated the appeals on Feb. 7, 2005. (Doc. 9, RX 25.) Heilman presented three assignments of error:

1. The Appellant's convictions for pandering obscenity involving a minor is [sic] not supported by sufficient evidence.

2. The Appellant's convictions are against the manifest weight of the evidence.

3. The trial court erred and abused its discretion, to the prejudice of the Appellant, by permitting the State to introduce evidence that had not been disclosed during discovery.

(Doc. 9, RX 26.)

On Jan. 10, 2006, Heilman filed a notice of additional authority, and subsequently the court ordered the parties to file supplemental briefs regarding the constitutional issues raised by Heilman's first assignment of error.  (Doc. 9, RX 28-29.)  Heilman then briefed a supplemental argument in support of his first assignment of error.  (Doc. 9, RX 31.)  On March 31, 2006, the court of appeals affirmed the judgment of the trial court.  (Doc. 9, RX 32; State v. Heilman, No. 2004-T-0133, 2006 WL 847120  (Ohio Ct. App. Mar. 31, 2006).)

On May 15, 2006, Heilman filed an appeal in the Ohio Supreme Court.  In his brief, Heilman set forth the following propositions of law:

> 1.  A criminal defendant's convictions are against the manifest weight of the evidence where the record reveals that any inculpatory evidence presented at trial is vague, conflicting, uncertain, and unreliable.

> 2  A criminal defendant's convictions for pandering obscenity involving a minor are [not] supported by sufficient evidence where the record reveals that there is no evidence to indicate that the defendant knew of the character of the material.

> 3.  A trial court commits reversible error when it allows the State to introduce into evidence still photographs taken from a webcam video when the defendant was repeatedly assured by the State that only the video would be used during trial.

> 4.  R.C. 2907.231 is unconstitutionally overbroad because it proscribes a significant universe of speech that is neither obscene nor child pornography.

(Doc. 9, RX 33.)  On Aug. 23, 2006, the state high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 9, RX 35; State v. Heilman, 110 Ohio St.3d 1465, 852 N.E.2d 1214 (2006).)

On Nov. 20, 2007, Heilman filed this petition for a writ of habeas corpus. (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

## III.  INSUFFICIENCY OF THE EVIDENCE

The first ground of the petition is that Heilman's convictions for pandering obscenity are not supported by sufficient evidence.  The respondent argues that the state court applied the correct sufficiency standard under Jackson v. Virginia.  (Doc. 9, at 13-16.)

The state court of appeals considered Heilman's arguments and rejected them as follows:

> A challenge on the basis of sufficiency of the evidence is predicated on whether the state has presented evidence for each element of the charged offense. State v. Barno, 11th Dist. No.2000-P-0100, 2001-Ohio-4319, 2001 Ohio App. LEXIS 4280, at *16. Sufficiency of the evidence raises a question of law; thus, an appellate court is not permitted to weigh the evidence when making this inquiry. State v.

Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at *13 (citations omitted). The relevant inquiry when testing the sufficiency of the evidence is whether, after viewing the evidence and the inferences drawn from it in the light most favorable to the prosecution, any rational trier of fact could find all elements of the offense proven beyond a reasonable doubt. Barno,2001 Ohio App. LEXIS 4280, at *16, citing State v. Jones, 91 Ohio St.3d 335, 345, 744 N.E.2d 1163, 2001-Ohio-57.

The State charged Heilman with multiple violations of Pandering Obscenity, in violation of Ohio's child pornography statutes. R.C. 2907.321(A)(1) and (5) specifically provide that: "No person, with knowledge of the character of the material or performance involved, shall * * * [c]reate, reproduce, or publish any obscene material that has a minor as one of its participants or portrayed observers; [or] * * * [b]uy, procure, possess, or control any obscene material, that has a minor as one of its participants."

Appellant argues that the State failed to present sufficient evidence to convict him of pandering in obscenity involving a minor, since the prosecution was unable to produce any direct evidence connecting the images found on the computers to him, and, therefore, the State could not prove that appellant had knowledge of the content and character of the images, as required by R.C. 2907.321(A)(1) and (A)(5). We disagree.

R.C. 2901.22 defines the various mental states necessary to impose criminal liability and states that "[a] person has knowledge of circumstances when he is aware that such circumstances probably exist."

The elements of a particular offense may be established through direct evidence, circumstantial evidence, or both. State v. Anderson, 4th Dist. No. 03CA3, 2004-Ohio-1033, at ¶ 15, citing State v. Durr (1991), 58 Ohio St.3d 86, 92, 568 N.E.2d 674;State v. Rogers (Jul. 8, 1998), 9th Dist. No. 18753, 1998 Ohio App. LEXIS 3187, at *6. Circumstantial evidence and direct evidence are considered to be of equal probative value. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph one of the syllabus. In establishing an accused's state of mind, circumstantial evidence is particularly appropriate, since the intent of a person cannot be ascertained through direct testimony by a third party. State v. McLean, 11th Dist. Nos.2003-T-0117 and 2003-T-0018, 2005-Ohio-1562, at ¶ 18 (citations omitted).

7

In reviewing the record, we conclude that the state introduced
substantial circumstantial evidence that appellant copied, created, or
possessed obscene material having a minor as one of its participants,
with knowledge of the content and character of the images in question.
The State introduced testimony from Detective Jim Robbins, who
conducted the search warrant of appellant's home. Robbins testified
how he enlisted the assistance of agents from BCI in labeling and
dismantling appellant's extensive computer system. Lee Lerussi of BCI
testified as to the methodology used in dismantling and labeling
appellant's computer systems, as well as the recovery of numerous
hard drives and 245 floppy disks. The State then elicited testimony
from Joe Corrigan, a certified forensic computer examiner and certified
electronic evidence collection specialist for BCI, who was responsible
for examination of the individual computer hard drives and floppy
disks, using EnCase, and other forensic tools to examine the computers
and their storage media. Corrigan provided extensive testimony as to
his analysis of 38 hard drives, 57 CDs and other storage media, and
approximately 250 floppy disks, and created an extensive report
containing his findings, which was also admitted into evidence.

Corrigan's testimony and report established that of all the storage
media examined, approximately 3,000 suspected images containing
child pornography were recovered.

With respect to the hard drives containing the images related to the
respective pandering obscenity counts for which Heilman was
convicted, Counts 1 and 2 were found on floppy disk # 144; Count 3
was found on floppy disk # 207; Count 4 was found on Hard Drive 1,
which was registered to J. Heilman, and had user-id's of "J. Heilman"
and "dad"; Counts 6, 7, and 17 were found on Hard Drive # 11, a laptop
registered to Mark Heilman and with a user-id of "Mark Heil"; Count 8
was found on Hard Drive # 15, with a registered owner, Mark
Heilman, and a user-id of "Mark H"; Hard Drive # 16, with Shannon
Heilman as registered owner, and "ShaHeil" as the sole user-id;
Counts 11, 12, 13, 14, 21, 22, and 23 were found on Hard Drive # 27,
with Mark Heilman as the registered owner and a user-id of "Mark" for
the operating system and in internal network name of "tech2"; Count 8
was found on Hard Drive # 15, which had no registered owner or
user-id, but showed only a single day's use as well as evidence that the
drive had subsequently been erased and a new operating system
installed after May 29, 2003; Count 16 was contained on Hard Drive #
9, with a registered owner of "Ron" and a user-id of "Conf" for the

8

operating system; and Counts 19 and 20 were found on Hard Drive # 13, which was registered to Mark Heilman with a user-id of "Mark H".

In addition, Corrigan testified that he was able to recover the web browser search histories containing numerous search terms, including "underage sex," "kid fuck," "baby cum" and "how to fuck my daughter" from the computers, and that he was able to link the majority of these searches back to the user-ids "Mheil," "Mark H" and "Tech2". Corrigan was also able to determine that some of these searches, numbering over 2,300 in total, lasted anywhere from 15 to 45 minutes, and that appellant would have had to click onto the links provided in the websearch to obtain the images. In addition, copies of nine of the images, and two of the three videos, for which apppellant was charged, were found active on the hard drives. This evidence, and the inferences drawn therefrom, when viewed in the light most favorable to the prosecution, was unquestionably sufficient to allow a rational juror to find that the elements of pandering obscenity involving a minor had been satisfied. Appellant's first assignment of error is without merit.

(Doc. 9, RX 32, at 8-11; Heilman, 2006 WL 847120, at *4-*6.)

The state court did not rely on federal law, but rather based its ruling on Ohio law.  (Doc. 9, RX 32, at 8; Heilman, 2006 WL 847120, at *4.)  Thus, the issue is whether the state court decision was contrary to clearly established federal law, as determined by the Supreme Court of the United States.  A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.

Under U.S. Supreme Court precedent, a sufficiency of the evidence claim is reviewed by determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.

9

307, 319 (1979); Bagby v. Sowders, 894 F.2d 792, 794 (6th Cir.) (en banc), cert. denied, 496 U.S. 929 (1990).  As quoted above, this was the standard applied by the state appellate court.  (Doc. 9, RX 32, at 8; Heilman, 2006 WL 847120, at *4.)  Thus, the state court did not apply the law contrary to Jackson v. Virginia.

A sufficiency of the evidence claim "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law."  Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir.), cert. denied, 537 U.S. 980 (2002) (quoting Jackson, 443 U.S. at 324 n.16).  Thus, the federal court must look to state law to determine the elements of the crime.  Cameron v. Birkett, 348 F.Supp.2d 825, 838-839 (E.D. Mich. 2004) (quoting Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999), cert. denied, 528 U.S. 1170 (2000)).  The state court of appeals set forth the relevant elements of the offenses, as quoted above, and explained the justification for the convictions.  Viewing the evidence in the light most favorable to the prosecution, the court found competent, credible evidence with which a rational jury could have found the essential elements of the crime beyond a reasonable doubt.

To grant habeas relief, the federal court does not determine whether the state decision is erroneous or incorrect.  Rather, the court must determine whether the state court decision was contrary to federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.  Here, the court does not find that the state court decision applied the law regarding the sufficiency of evidence claim contrary to the

10

law as set forth in Jackson v. Virginia.  The petition should not be granted on the first ground.

## IV.  MANIFEST WEIGHT OF THE EVIDENCE

The second ground of the petition is that Heilman's convictions are against the manifest weight of the evidence.   The respondent points out that a challenge based on the manifest weight is not cognizable in federal habeas corpus.  (Doc. 9, at 16-18.)

A manifest weight of the evidence claim concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."  State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546 (1997).  When reviewing a weight of the evidence claim, an appellate court sits as a "thirteenth juror," and reviews the jury's resolution of conflicting testimony.  Tibbs v. Florida, 457 U.S. 31, 42 (1982).  In the federal habeas context, this is outside the proper role of the habeas court.  The jury is the sole finder of fact in a jury trial, and the jury determines the credibility of witnesses.  United States v. Adamo, 742 F.2d 927, 934-935 (6th Cir. 1984), cert. denied, 469 U.S. 1193 (1985).

Moreover, a claim that Heilman's conviction was against the manifest weight of the evidence is a state law issue, and a federal habeas court has no power to grant habeas relief on the basis that a state conviction is against the weight of the

evidence.  Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986); Peterson v. Greene, No. 06CIV41, 2008 WL 2464273, at *10 (S.D. N.Y. June 18, 2008) (citing cases); Cameron, 348 F.Supp.2d at 838 (citing cases). See generally Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (habeas relief not available for claimed violation of state law).  The petition should not be granted based on the manifest weight of the evidence.

## V.  TRIAL COURT EVIDENTIARY RULINGS

The third ground of the petition is that the trial court erred and abused its discretion, to the prejudice of Heilman, by permitting the introduction of evidence that had not been disclosed during discovery, namely, still photos from a webcam video, when Heilman believed that the video itself would be played.

The respondent argues that this claim was not fairly presented to the state courts as a federal claim.  (Doc. 9, at 18-20.)

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).  The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts.  This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented":  (1) reliance upon federal cases employing constitutional analysis;  (2) reliance upon state cases employing federal constitutional

12

analysis;  (3) phrasing the claim in terms of constitutional law or in
terms sufficiently particular to allege a denial of a specific
constitutional right;  or (4) alleging facts well within the mainstream
of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958

(2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)).  See also

Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928

(2005).  To "fairly present" the claim to the state courts, a habeas petitioner must

present his claim as a federal constitutional issue, not as an issue arising under

state law.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

In his direct appeal, Heilman argued that his rights "were clearly violated by

the Trial Court permitting the State to allow still photographs derived from the

webcam video purportedly made by Appellant to the jury."  (Doc. 9, RX 26, at 22.)

He argued that, although he received a copy of the video, he was unaware that the

prosecution had still photographs made from the video.  Id. at 23-24.  Heilman did

not rely upon federal cases employing constitutional analysis, nor did he present his

claim to the state court as a denial of a constitutional right.

Having considered Heilman's arguments, the state court of appeals did not

perceive his claim to raise a federal issue.  The court considered his claim to involve

Ohio Crim.R. 16(B), finding his argument to have merit insofar as it concluded that

"a photograph taken from a videotape is a discrete evidentiary item, even if the

defense already has the source from which the additional evidence was derived."

(Doc. 9, RX 32, at 21-22; Heilman, 2006 WL 847120, at *10-*11.)  Thus, the state

13

was obligated to disclose the additional evidence.  However, the court found that the trial court had not abused its discretion in admitting the evidence, after hearing arguments on the matter out of the presence of the jury.  Id.

Heilman has not established that his third ground was fairly presented to the state courts as a federal issue.

In addition, even if the claim had been properly presented, the "clearly established rule" is that alleged errors of state law, "especially rulings regarding the admission or exclusion of evidence," are not within the purview of a federal habeas court.  Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir. 1988).  See also Estelle v. McGuire, 502 U.S. 62, 69-70 (1991); Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir.), cert. denied, 540 U.S. 930 (2003).  This court must presume that the Ohio state courts correctly interpreted Ohio evidence law in their evidentiary rulings.  Small v. Brigano, No. 04-3328, 2005 WL 1432898, at *5 (6th Cir. June 17, 2005).

Alleged state court errors of evidentiary rulings do not rise to the level of constitutional claims warranting habeas relief "unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."  Broom v. Mitchell, 441 F.3d 392, 406 (6th Cir. 2006), cert. denied, 127 S.Ct. 1376 (2007).  See also Bugh, 329 F.3d at 512.  Courts have defined the category of errors that are fundamentally unfair very narrowly.  Bugh, 329 F.3d at 512.  Heilman has no argument that his case qualifies.

14

The petition should not be granted on the third ground, as it was not fairly presented to the state courts as a federal claim.


## VI.  SUMMARY

The petition for a writ of habeas corpus should be denied.  On the first ground, the state court did not apply the law regarding the sufficiency of evidence contrary to the law as set forth in Jackson v. Virginia.  The second ground is based on based on the manifest weight of the evidence, which is not cognizable in federal habeas corpus.  The third ground was not fairly presented to the state courts as a federal claim.


## RECOMMENDATION

It is recommended that the petition be denied.


Dated:   Dec. 3, 2008                        /s/ Kenneth S. McHargh
                                          Kenneth S. McHargh
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

15