IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARK HEILMAN,** | ) | **CASE NO. 4:07 CV 3609** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **DAVID BOBBY, Warden,** | ) | **Magistrate Judge Kenneth S. McHargh** |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh. The Report and Recommendation (Document #10) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on November 20, 2007 (Document #1) is hereby DENIED.

**Factual and Procedural History**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

I. PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following procedural background:

> On July 2, 2003, the Trumbull County Grand Jury returned a thirty count indictment, charging appellant with eight counts of forcible rape of a child under the age of thirteen1, with a life sentence specification; twenty counts of rape, felonies of the first degree;

and two counts of gross sexual imposition, felonies of the third degree. These charges were part of Trumbull County Court of Common Pleas case number 2003-CR-00458.

On October 9, 2003, the Trumbull County Grand Jury returned a second indictment against appellant, charging him with twenty-three counts of pandering obscenity involving a minor, felonies of the third degree, for images found on various computers and diskettes recovered from appellant's home. These charges were part of Trumbull County Court of Common Pleas case number 2003-CR-00720. Appellant subsequently waived his right to speedy trial and entered pleas of not guilty to all charges. Appellant also requested, and was provided, bills of particulars related to the aforementioned charges. On or about November 14, 2003, the above-referenced cases were consolidated pursuant to the State's motion.

On October 4, 2004, the aforementioned matter proceeded to jury trial. Prior to turning the case over to the jury, the trial court granted appellant's Crim.R. 29 motion for acquittal, and directed verdicts as to Count 5, a count of rape, with life sentence specification, in case number 2003-CR-00458, and also as to Counts 5 and 9, pandering obscenity involving a minor, in case number 2003-CR-00720. With respect to the remaining counts of pandering obscenity involving a minor gave an instruction on the lesser included offense of pandering obscenity involving a minor, pursuant to R.C. 2907.321(A)(5), except for counts 21 through 23, which involved the three webcam videos of J.

On October 15, 2004, the jury returned its verdicts, finding appellant guilty as charged on all remaining counts of rape in case 2003-CR-00458. In case 2003-CR-00720, the jury returned verdicts of guilty as charged on Counts 1 through 4, 7, 16, and 21 through 23. The jury returned verdicts of guilty to the lesser included offense as to Counts 6, 8, 10 through 15, 17, 19 and 20, and returned a verdict of not guilty as to Count 18.

On November 2, 2004, in Case 2003-CR-00458, the trial court sentenced appellant to seven life sentences, to be served consecutively, for Counts 1, 3, 6, 7, 8, 9 and 10, Rape of a Minor under the age of thirteen; nine years each for Counts 11 through 30, Rape in the first degree, to be served concurrently with each other and concurrent with the other counts; one year each for Counts 2 and 4, Gross Sexual Imposition, to be served concurrently with each other and concurrent with other counts. In

> Case 2003-CR-00728, the court sentenced appellant to two years
> each, to be served concurrently, and concurrent with all other
> sentences, for Counts 1 through 4, 7, 16, 21, 22, and 23, Pandering
> in Obscenity Involving a Minor, felonies of the second degree; and
> twelve months each, to be served concurrently, and concurrent
> with all other sentences for Counts 6, 8, 10 through 15, 17, 19 and
> 20, fourth-degree Pandering In Obscenity Involving a Minor.

(Doc. 9, RX 32, at 5-7; State v. Heilman, No. 2004-T-0133, 2006 WL 847120, at *3-*4 (Ohio Ct. App. Mar. 31, 2006).)

Heilman appealed each criminal case to the Ohio Court of Appeals, which consolidated the appeals on Feb. 7, 2005. (Doc. 9, RX 25.) Heilman presented three assignments of error:

> 1. The Appellant's convictions for pandering obscenity involving a minor is [sic] not supported by sufficient evidence.
>
> 2. The Appellant's convictions are against the manifest weight of the evidence.
>
> 3. The trial court erred and abused its discretion, to the prejudice of the Appellant, by permitting the State to introduce evidence that had not been disclosed during discovery.

(Doc. 9, RX 26.)

On Jan. 10, 2006, Heilman filed a notice of additional authority, and subsequently the court ordered the parties to file supplemental briefs regarding the constitutional issues raised by Heilman's first assignment of error. (Doc. 9, RX 28-29 .) Heilman then briefed a supplemental argument in support of his first assignment of error. (Doc. 9, RX 31.)  On March 31, 2006, the court of appeals affirmed the judgment of the trial court. (Doc. 9, RX 32; State v. Heilman, No. 2004-T-0133, 2006 WL 847120 (Ohio Ct. App. Mar. 31, 2006).)

On May 15, 2006, Heilman filed an appeal in the Ohio Supreme Court. In his brief, Heilman set forth the following propositions of law:

> 1. A criminal defendant's convictions are against the manifest weight of the evidence where the record reveals that any inculpatory evidence presented at trial is vague, conflicting, uncertain, and unreliable.

> 2. A criminal defendant's convictions for pandering obscenity involving a minor are [not] supported by sufficient evidence where the record reveals that there is no evidence to indicate that the defendant knew of the character of the material.
>
> 3. A trial court commits reversible error when it allows the State to introduce into evidence still photographs taken from a webcam video when the defendant was repeatedly assured by the State that only the video would be used during trial.
>
> 4. R.C. 2907.231 is unconstitutionally overbroad because it proscribes a significant universe of speech that is neither obscene nor child pornography.

(Doc. 9, RX 33.) On Aug. 23, 2006, the state high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question. (Doc. 9, RX 35; State v. Heilman, 110 Ohio St.3d 1465, 852 N.E.2d 1214 (2006).)

On Nov. 20, 2007, Heilman filed this Petition for a Writ of Habeas Corpus.

(Doc. 1.)  Heilman raises three grounds for relief:

> Ground One:     The Petitioner's convictions for pandering obscenity involving a minor are not supported by sufficient evidence.
>
> Ground Two:     The Petitioner's convictions are against the manifest weight of the evidence.
>
> Ground Three:   The Trial Court erred and abused his discretion to the prejudice of the Petitioner, by permitting the State to introduce evidence that had not been disclosed during discovery.

On December 3, 2008, Magistrate Judge McHargh issued his Report and Recommendation, recommending that the Petition be denied.

With regard to Ground One, the Magistrate Judge determined that the State Court of Appeals set forth the relevant elements of the offenses and explained the justification for the convictions.  Viewing the evidence in the light most favorable to the prosecution, the Court of Appeals found competent, credible evidence with which a rational jury could have found the

-4-

essential elements of the crime beyond a reasonable doubt.  The Magistrate Judge explained that the Federal court does not determine whether the State decision is erroneous or incorrect.  Rather, the Court must determine whether the State court decision was contrary to Federal law.  *Williams v. Taylor*, 529 U.S. 362, 410-12 (2002); *Lorraine v. Coyle*, 291 F.3d 416, 422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).  The Magistrate Judge determined that the State Court decision was not contrary to Federal law and recommends that Petition be denied as to Petitioner's First Ground for Relief.

The Magistrate Judge also recommends that the Petition be denied as to Petitioner's Second Ground for Relief, as a challenge based on the manifest weight of the evidence is not cognizable in Federal habeas corpus.  The jury is the sole finder of fact in a jury trial and the jury determines the credibility of witnesses.  *United States v. Adamo*, 742 F.2d 927, 034-35 (6th Cir. 1984), cert. denied, 469 U.S. 1193 (1985).  The State Appellate Court sits as a "thirteenth juror," and reviews the jury's resolution of conflicting testimony.  *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).  A Federal habeas court has no power to grant habeas relief on the basis that a State conviction is against the weight of the evidence.  *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986) (additional citations omitted).

Finally, relative to Petitioner's Third Ground for Relief, the Magistrate Judge recommends that the Petition be denied, as the Court lacks jurisdiction to consider a Federal claim in a habeas petition which was not fairly presented to the State courts.  *Baldwin v. Reese*, 541 U.S. 27 (2004); *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001).  To "fairly present" the claim to the State court, a habeas petitioner must present his claim as a Federal Constitutional issue, not as an issue arising under State law.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  The Magistrate Judge discusses the fact that in his direct appeal, Petitioner argued that

his rights were violated when the Trial Court permitted the State to use still photographs derived from the webcam video purportedly made by Petitioner during trial.  However, Petitioner did not present his claim to the State Court as a denial of a Constitutional right and did not rely on Federal cases in his argument.  Further, the State Court of Appeals did not perceive Petitioner's claim to raise a Federal issue.

In addition, the Magistrate Judge discussed the fact that even if the claim had been properly presented, rulings regarding the admission or exclusion of evidence are not within the purview of a Federal habeas court.  *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).  (Additional citations omitted.)  Errors in evidentiary rulings do not rise to the level of Constitutional claims warranting habeas relief "unless the error renders the proceeding to fundamentally unfair as to deprive the petition of due process under the Fourteenth Amendment."  *Broom v. Mitchell*, 441 F.3d 392, 406 (6th Cir. 2006), cert. denied, 127 S. Ct. 1376 (2007).   The Magistrate Judge determined that Petitioner has presented no argument which would fall within this standard.  Accordingly, because Petitioner has not established that his third ground for relief was fairly presented to the State Courts as a Federal issue, the Magistrate Judge recommends that the Petition be denied as to the Third Ground for Relief.

On December 17, 2008, Petitioner filed his Objections to the Report and Recommendation of the Magistrate Judge.  Petitioner discusses at length the testimony and evidence offered in this case in arguing that the Court should decline to adopt the findings and recommendation of the Magistrate Judge.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The Court has reviewed the Report and Recommendation *de novo*, and the objections to the Report and Recommendation raised by Petitioner, and finds the Report and Recommendation to be well-reasoned and correct.  The Magistrate Judge thoroughly, exhaustively and comprehensively analyzed each of the Grounds for Relief raised by Petitioner and correctly determined that the Petition should be denied.  In his Objections to the Report and Recommendation, Petitioner provides a lengthy, factually based explanation for this Court as to why the outcome of the proceedings against him was unjust.  However, this Court is not the fact-finder and there is sufficient evidence presented on each element of each crime Petitioner is convicted of committing which, if believed, could prove him guilty beyond a reasonable doubt.  The Magistrate Judge correctly analyzed the Grounds for Relief raised by Petitioner, and the applicable law, and correctly determined that none of the Grounds raised entitled Petitioner to habeas relief.

**Conclusion**

Based on the foregoing, the Report and Recommendation issued by Magistrate Judge

-7-

McHargh (Document #10) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on(Document #1) is hereby DENIED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

                                              s/Donald C. Nugent
                                              DONALD C. NUGENT
                                              United States District Judge

DATED: January 12, 2009